IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-53,668-02






EX PARTE MICHAEL WAYNE HALL









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS

AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. C-371-009250-0685479-B IN THE 371ST DISTRICT COURT

TARRANT COUNTY




 Per Curiam. Price, J., dissents.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for stay
of execution.

 On February 18, 2000, a jury found applicant guilty of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Hall v. State, 67
S.W.3d 870 (Tex. Crim. App. 2002). However, the United States Supreme Court granted
certiorari, vacated the opinion, and remanded the case to this Court for further consideration
in light of Atkins v. Virginia, 536 U.S. 304 (2002). See Hall v. Texas, 537 U.S. 802 (2002). 
On remand, this Court again affirmed the conviction and sentence. See Hall v. State, 160
S.W.3d 24 (Tex. Crim. App. 2004). 

 Applicant filed his initial post-conviction application for writ of habeas corpus in the
convicting court on January 17, 2002. Among other claims, applicant asserted in that
application that he was mentally retarded and his execution would violate the United States
Supreme Court's opinion in Atkins. This Court reviewed the record and denied applicant
relief. Ex parte Hall, No. WR-53,668-01 (Tex. Crim. App. Feb. 26, 2003)(not designated
for publication). Applicant's subsequent application was filed in the trial court on February
11, 2011.

 Applicant presents a single allegation in his application in which he asserts that he he
mentally retarded and his execution would violate the United States Supreme Court's opinion
in Atkins. We have reviewed the application and find that it fails to satisfy the requirements
of Article 11.071, § 5. Accordingly, we dismiss the application and deny applicant's motion
to stay his execution. We also decline to follow applicant's suggestion to sua sponte
reconsider the mental retardation claim raised in his initial application. 

 IT IS SO ORDERED THIS THE 14th DAY OF FEBRUARY, 2011.

Do Not Publish